IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM KAETZ : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 23-2741 |
| UNITED STATES OF AMERICA and : | |
| RÉNEE MARIE BUMB, Chief United States : | |
| District Judge New Jersey District Court, : | |
| Trenton Vicinage : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                                June 15, 2023

Pro se Plaintiff William Kaetz has concurrently filed a Motion for Permission to Proceed In Forma Pauperis and a Motion for Summary Judgment with the filing of his Complaint against the United States and the Chief Judge of the United States District Court for the District of New Jersey.  Although the Court finds Kaetz has made a sufficient showing of indigency to warrant granting his request to proceed without paying the Court's filing fees, his Complaint fails to state any claim against the United States and is frivolous and malicious with respect to Chief Judge Bumb.  It shall therefore be dismissed with prejudice.

**FACTUAL BACKGROUND**

As referenced in and "incorporated into" his Complaint in this matter, Kaetz has filed at least four prior, pro se lawsuits against numerous sitting judges and magistrate judges in the District of New Jersey, as well as many of the judges on the U.S. Court of Appeals and employees of the United States Probation Office, United States Department of Justice, United States Marshals Service and the Allegheny County jail, among others.  Because each of these prior lawsuits was frivolous, Kaetz's complaints and amended complaints have been dismissed as such by the various

1

judges to whom his cases have been assigned, and these decisions have been affirmed by the Court of Appeals. Nearly every time Kaetz has received an unfavorable decision, he has either joined the judge issuing the decision to the then-existing lawsuits or filed a new action against the judge. When these actions have likewise been dismissed by the judges to whom the cases were assigned or re-assigned, Kaetz has then added that judge to the ever-growing list of defendants whom he has sued.

In response to this never-ending cycle of frivolous litigation, on April 12, 2023, the Honorable Rénee Marie Bumb, the Chief Judge of the United States District Court for the District of New Jersey, issued an Order pertaining to three of Kaetz's cases: Civil Action Nos. 22-1003[1], 23-2008 and 23-2021. April 12, 2023 Order, ECF No. 1-4. The Order marked Civil Action No. 23-2008 as "received" only and terminated it as frivolous under the doctrine of judicial immunity, dismissed Judges Kevin McNulty and Claire E. Cecchi as defendants under the doctrine of judicial immunity in Civil Action No. 23-2021, and directed the Clerk of Court to refrain from filing any further complaints from Kaetz that name as a defendant a judge in the District of New Jersey pending further Order of the Court. *Id.* at 2 ¶¶ 1-3. Rather, any such complaint is to be marked as "received" only and submitted to Chief Judge Bumb "for review to determine whether such judge is being sued for the performance of his/her judicial duties and should thus be dismissed." *Id.* ¶ 3. Not surprisingly, Kaetz responded to the entry of this Order by filing this civil action naming the United States of America and Chief Judge Bumb as defendants. On May 27, 2023, the Chief Judge of the U.S. Court of Appeals for the Third Circuit entered a "Designation of District Judge to Hold a District Court Within the Circuit" and thereby assigned this matter to the undersigned.

---

[1] As to Civil Action No. 22-1003, the Order was "For Informational Purposes Only."

**DISCUSSION**

Courts determine applications for leave to proceed in forma pauperis under the parameters outlined in 28 U.S.C. § 1915.[2]  This Section permits a district court to authorize "the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor," if the Court finds from an affidavit submitted by an applicant "that includes a statement of all assets" possessed by the person, that the person is unable to pay the fees.  28 U.S.C. § 1915(a)(1).  The affidavit should also include a statement of the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress.  *Id.*  Kaetz has filed a form entitled "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis" which, notwithstanding its reference to an appeal, complies with the foregoing requirements and reflects his inability to pay the court filing fees.  Thus, his request to proceed in forma pauperis is granted.

In an in forma pauperis proceeding, the court is required to review a complaint as soon as practicable after docketing, and "[n]otwithstanding any filing fee or any portion thereof, that may have been paid,  . . . shall dismiss the case at any time if [it] determines that –

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>   (i) "is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2).

---

[2]  Although § 1915 refers to "prisoners," federal courts apply § 1915 with equal force to non-prisoner IFP applications.  *Rockemore v. City of Camden*, Civ. No. 1:23-1718, 2023 U.S. Dist. LEXIS 87131, at * 1 (D. N.J. May 17, 2023) (citing *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers," and are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). They must nevertheless allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although his Complaint is somewhat difficult to comprehend, Kaetz's claims in this matter arise out of Chief Judge Bumb's entry of the April 12, 2023 Order dismissing his two civil actions against the judges in the District of New Jersey on the basis of judicial immunity. As noted, that Order, which was also entered for informational purposes in a third action, directed the Clerk of Court to forward any future complaints filed by Kaetz against judges in the District of New Jersey to the Chief Judge for review prior to docketing. As noted, in keeping with his practice when a judge rules against him, Kaetz then filed this action against Chief Judge Bumb, alleging, *inter alia*, that she violated his constitutional rights, acted fraudulently and negligently, and retaliated against him for exercising his right to free speech in issuing the Order.

It is firmly established that "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (citation omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he acted in the clear absence of jurisdiction." *Id.* (internal quotation marks and citation omitted). "[T]he necessary inquiry in determining if a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Inasmuch as Chief Judge Bumb was acting in her capacity as Chief Judge of the United States District Court for the District of New Jersey when she issued the April 12, 2023

Order, she had jurisdiction to do so. Judge Bumb is therefore also judicially immune from this lawsuit.

Finally, Kaetz's Complaint also contains no allegations whatsoever with respect to or against the United States. The Court therefore dismisses the complaint in its entirety as frivolous, and because it fails to state a claim on which relief may be granted. Kaetz's motion for summary judgment is also denied as moot.

An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez
_____
Juan R. Sánchez,        J.